UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE THOMPSON,

    Petitioner,

v.

                              Case No. 21-cv-10935
                              Hon. Matthew F. Leitman

JONATHAN HEMINGWAY,

    Respondent,

_____/

## ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS (ECF No. 1) WITHOUT PREJUDICE

Petitioner Tommie Thompson is a federal inmate. On April 14, 2021, Thompson, appearing *pro se*, filed a petition for a writ of mandamus. (*See* Pet., ECF No. 1.) In the petition, Thompson challenges the Bureau of Prisons' alleged failure to award him credit against his federal sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court has carefully reviewed the petition, and for the reasons stated below, it **DISMISSES** the petition **WITHOUT PREJUDICE**.

**I**

The remedy of mandamus in the federal courts is considered "a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for Northern Dist. of California,* 426 U.S. 394, 402 (1976) (internal citations omitted). The party that

seeks a writ of mandamus must have no other adequate means to attain the relief that he or she desires and must satisfy the burden of showing that his or her right to the issuance of the writ is "clear and indisputable." *Id.* at 403.

Thompson has not carried that burden. Generally, a writ of mandamus is not available as a remedy for a federal prisoner seeking sentencing credit against his or her federal sentence. *See Lambdin v. United States*, 439 F.2d 1402, 1402 (6th Cir. 1971) (holding that "[a] writ of mandamus is not available as a remedy" for prisoner who sought "to have his sentence adjusted by crediting him with 118 days of pretrial confinement"). Instead, a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the usual means for challenging the manner in which an otherwise valid sentence is executed. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition"). Because Section 2241 appears to provide an available alternative remedy for Thompson to obtain credit against his sentence, Thompson has failed to show that mandamus is necessary here. The Court therefore declines to grant Thompson a writ of mandamus.

## II

The Court further declines to construe Thompson's petition for a writ of mandamus as a petition for a writ of habeas corpus under Section 2241 for several reasons.

First, when a *pro se* prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the general rule is that the suit should not be converted into a habeas corpus action and decided on the merits. Instead, the proper action is to dismiss the action without prejudice, which gives the prisoner control over whether, and when, he or she files a habeas petition. *See, e.g.*, *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001) (holding that "district court properly declined to construe [plaintiff's] complaint as seeking habeas corpus relief because [plaintiff's] complaint does not allege that his claims are exhausted nor does the document comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts") (internal citation omitted); *Hooper v. Caruso*, 2009 WL 104206, at *2 (W.D. Mich. Jan. 14, 2009) (explaining that court should not convert plaintiff's civil filing into a petition for a writ of habeas corpus "because the Antiterrorism and Effective Death Penalty Act (AEDPA) has created a number of 'pitfalls' for prisoners who use the wrong procedural vehicle in attacking their conviction or sentence" and the "[c]onversion of a prisoner's civil action to a habeas petition triggers a much shorter statute of limitations and stringent rules about the ability to file successive petitions") (internal quotation marks omitted).

Second, it appears that Thompson may not have exhausted his administrative remedies prior to filing his petition for a writ of mandamus. A federal habeas corpus petitioner is required to exhaust his or her administrative remedies before seeking

3

habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F. 3d 465, 466 (6th Cir. 2013). And while the Respondent has made a substantial showing that Thompson has not exhausted his administrative remedies, Thompson appears to respond that any such failure should be excused because exhaustion was futile. The Court declines to resolve that dispute now. Instead, the Court concludes that the question of whether Thompson did exhaust – or could have exhausted – his administrative remedies is best adjudicated in the context of full briefing on a properly filed petition for habeas corpus (if and when Thompson chooses to file such a petition).

### III

For all of the reasons explained above, the Court **DISMISSES** Thompson's petition for a writ of mandamus (ECF No. 1) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: October 27, 2021

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764